```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**TIMOTHY SEAN COOGLE,**

    Movant,

v.                                                 **Civil No. 2:18-cv-01291**
                                                    **Criminal No. 2:17-cr-00167-01**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Timothy Sean Coogle's Motion for Home Detention (ECF 102), filed May 20, 2021, and Motion to Expedite Ruling on Motion for Home Confinement[1] (ECF 105), filed October 25, 2021. Mr. Coogle filed the instant motions while his request for a certificate of appealability remains pending before the Fourth Circuit. See ECF 93.

In his motions, Mr. Coogle requests that the court "grant [him] home confinement" while he awaits the Fourth Circuit's decision regarding his certificate of appealability. ECF 102 at 3; see also ECF 105 at 12. Mr. Coogle appears to support his request by contending that home confinement will

---

[1] Mr. Coogle's Motion to Expedite Ruling on Motion for Home Confinement (ECF 105) was filed only in his criminal case: 2:17-cr-00167-01 and not in his related civil action: 2:18-cv-01291.

permit him to "re-establish" his relationship with his family. ECF 102 at 3.  Indeed, his assertions in support of his request boil down to the contention that he needs his family, and his family needs him.  See id.; see also ECF 105 at 8-9.

Inasmuch as Mr. Coogle has failed to present any exceptional grounds that would support his request for home detention, the court DENIES his motion (ECF 102) requesting the same.² In light of the court's aforementioned ruling, Mr. Coogle's motion to expedite ruling on his motion for home confinement (ECF 105) is DENIED AS MOOT.

---

² It is noted that Mr. Coogle fails to specify any authority that would permit the court to grant his requested relief, and he makes clear that his motion is not one for compassionate release.  See ECF 102 at 2-3.  The court further notes that Mr. Coogle referred to the instant motion for home detention as "a motion for furlough" in his docketed letter to the Clerk's office requesting an update on his case.  See ECF 103.  Insofar as Mr. Coogle seeks a furlough to re-establish his familial ties, the court lacks the authority to grant Mr. Coogle's request.  See Ferguson v. Wilson, Civil Action No. 1:18-00404, 2019 WL 6852468, *18 (S.D.W. Va. Apr. 26, 2019), report and recommendation adopted, No. CV 1:18-00404, 2019 WL 4740869 (S.D.W. Va. Sept. 27, 2019) (concluding "[t]he plain language of 18 U.S.C. § 3622 gives the BOP exclusive authority to determine whether a federal prisoner should be granted a furlough.").

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 27, 2021

John T. Copenhaver, Jr.
Senior United States District Judge

3